UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEXTER BROWN,<br><br>Plaintiff,<br><br>v.<br><br>PURUSHOTTAMA SAGIREDDY, et al.,<br><br>Defendants. | No. 2:14-cv-00338 JAM AC P<br><br>ORDER AND FINDINGS & RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Before the court are a number of filings by plaintiff in which he makes various allegations and requests, the majority of which involve allegations that defendant Sagireddy and other healthcare staff are trying to murder him.[1] ECF Nos. 20, 27, 28, 30, 34, 35, 36, 42, 44, 47, 48, 49.

At the outset, plaintiff is warned that if he continues to inundate the court with repetitive and piecemeal filings, they will be disregarded due to the excessive burden they place upon the court. Given this court's caseload and the volume of documents filed by plaintiff, it is impossible to respond to all of plaintiff's filings. However, the court will attempt to address the most serious and clearly stated issues.

---

[1] Also before the court are defendants' motions to dismiss (ECF Nos. 27, 28) and plaintiff's proposed first amended complaint (ECF No. 39), which are not addressed by this order and will be considered by the court in due course.

1

### I. Requests for Investigation

Plaintiff has requested that the court order an "official inquiry" or "issue a recommendation to the U.S. Dept. of Justice to investigate plaintiff's allegations." ECF Nos. 20, 27. His continued filing of declarations documenting alleged staff misconduct (ECF Nos. 35, 36, 47, 48) appear to be, at least in part, intended to supplement those requests. Plaintiff's request for the court to order an investigation is seeks a remedy outside the scope of the authority of the court and will therefore be denied.

### II. Request for Subpoena Forms

Plaintiff requests "the forms necessary to subpoena documents and video footage." ECF No. 30. Federal Rule of Civil Procedure 45(a)(3) requires that "[t]he clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it." Therefore, plaintiff's request will be granted and the Clerk of the Court will be directed to send plaintiff a blank subpoena form.

Plaintiff is advised that if he moves to have the U.S. Marshal serve the subpoenas, limitations on a subpoena include the relevance of the information sought as well as the burden and expense to the non-party in providing the requested information. Fed. R. Civ. P. 26, 45. Additionally, he must submit to the court a completed subpoena form and the requisite fee. The form must describe the items to be produced with reasonable particularity and designate a reasonable time, place, and manner for production. Plaintiff must also show that he has not or cannot receive the documents he seeks by way of discovery propounded upon defendants. Failure to do so will result in denial of any such motion.

### III. Request for Status

Plaintiff has submitted a letter to the Clerk of the Court in which he requests notification as to whether the court has received his amended complaint and opposition to the defendants' motion to dismiss. ECF No. 34. This request will be granted to the extent plaintiff is advised that the documents have been received and will be addressed in due course. Plaintiff is further advised that the court will not make a habit of responding to requests for the filing status of documents or the status of the case.

////

IV.     Request for Recusal

Plaintiff moves to recuse the undersigned magistrate judge from this action. ECF No. 42. Plaintiff's motion is considered pursuant to the standards set forth in 28 U.S.C. §§ 144 and 455. Plaintiff claims that his first amended complaint contains "allegations which create a conflict of interest in the court's continued involvement in this case" and requests that the undersigned "recuse herself from this case, and any other [plaintiff] has pending." Id. at 2.

"Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein." 28 U.S.C. § 144. "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Under both recusal statutes, the substantive standard is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986) (quoting Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir. 1984) (internal quotations omitted)).

The court has reviewed plaintiff's proposed first amended complaint, including the two pages specifically indicated by plaintiff as containing allegations against the undersigned. Upon review, the undersigned has determined that she is not named as a defendant in the proposed amended complaint and that the only allegations against her are contained in the declaration appended to the proposed amended complaint. ECF No. 39 at 29-30, ¶¶ 7-17. Plaintiff alleges that the undersigned has failed to act on his requests for an investigation into his allegations, leading him to believe that she is part of "a conspiracy to obstruct justice." Id. at 30, ¶ 17. As addressed above in Section I, plaintiff's requests for an investigation are outside the court's authority, and to the extent they are construed as requests for injunctive relief, they are further addressed below in Section V.

The court has previously been made aware of plaintiff's belief that it is deliberately delaying the processing of his complaints. ECF No. 20. Contrary to plaintiff's belief, these delays are not attributable to any malicious intent toward plaintiff, but rather to the fact that the

3

1  Eastern District of California maintains one of the heaviest caseloads in the nation, a significant
2  portion of which is comprised of pro se inmate cases.  This sometimes causes unavoidable delays
3  in the resolution of individual matters, and plaintiff's insistence on flooding the court with
4  piecemeal motions and declarations serves to only further impede the court's ability to timely
5  resolve matters before it.  Plaintiff's conclusory allegations, based on nothing more than
6  speculation, fail to establish a reasonable question as to the undersigned's impartiality or that a
7  bias or prejudice exists.  The request for recusal therefore will be denied.

8  V.     Requests for Temporary Restraining Order or Preliminary Injunction
9         A.     Legal Access
10 Plaintiff has filed a motion for a court order requiring prison officials to provide him with
11 the materials he needs to prosecute the complaint and to stop stealing his documents and
12 evidence.  ECF No. 28.  He has also filed two declarations alleging further interference with his
13 access to the courts.  ECF Nos. 44, 49.  The court will construe the motion for court order and
14 declarations as a motion for a temporary restraining order or preliminary injunction.
15 Plaintiff alleges that on December 5, 2014, unidentified correctional officers and inmates
16 stole his legal supplies and unspecified documents.  ECF No. 28.  He also alleges that Warden
17 Duffy has instituted a new policy that limits "everyone in the unit to six cubic feet of personal
18 property" (ECF No. 44 at 2) and that he can no longer get legal copies because Librarian Harrison
19 changed the policy so that he can no longer obtain copies at the door to the library and must enter
20 the library to get copies (ECF No. 49).

21        B.     Attempted Murder
22 Plaintiff has also filed multiple documents with the court alleging that prison and
23 healthcare staff are attempting to murder him.  ECF Nos. 20, 27, 35, 36, 47, 48.  The court will
24 also construe these documents as requests for a temporary restraining order or preliminary
25 injunction ordering the identified individuals be kept no less than 1,000 feet from plaintiff and
26 prohibiting them from being involved with plaintiff's health care.
27 Plaintiff first claims that "[s]tate prison personnel attempted to murder [him] several
28 times" and that they are trying to make his "death appear to be a consequence of pre-existing

4

medical problems." ECF No. 20 at 2.  He next claims that on October 8, 2014, "defendant Sagireddy attempted to murder plaintiff by means of depleting plaintiff's blood of potassium . . . thereby inducing cardiac arrest." ECF No. 27-1 at 2.  He further alleges that Nurse Wright carried out the treatment ordered by Sagireddy, that the only reason he is not dead is because he realized what was happening and stopped treatment, and that the attempt on his life was to keep him from prosecuting this case.  Id. at 2-3.  Plaintiff next requests that the served defendants and the Attorney General's Office be ordered to "[r]efrain from utilizing the inmate-peers of plaintiff to assault/batter and threaten plaintiff." ECF No. 36.  Though filed separately by the Clerk of the Court, this request appears to be related to the declaration in which plaintiff alleges that on January 11, 2015, he was assaulted by another inmate and that he is certain that the assault was carried out at the direction of unidentified prison employees.  ECF No. 35 at 2-3.  Finally, plaintiff requests that hemodialysis technicians Lambert, Irene, and Tina and Nurses Eugene and Julian to be kept away from him and that they not be allowed to have any part in his treatment because they forced saline infusions on him on defendant Sagireddy's orders despite plaintiff's refusal of the treatment.  ECF Nos. 47, 48.  He also requests that Officer Tutwiller be kept away from him because he is trying to convince the nurses to discontinue plaintiff's hemodialysis treatments.  ECF No. 48 at 4.

  C.  Standards for Issuance of a Temporary Restraining Order or Preliminary Injunction

  A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).  The purpose in issuing a temporary restraining order is to preserve the status quo pending a fuller hearing.  The standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction.  See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir.2001) (stating that the analysis for temporary restraining orders and preliminary injunctions is "substantially identical").  The moving party must demonstrate that (1)

1  it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of

2  preliminary relief; (3) the balance of equities tips in its favor; and (4) that the relief sought is in

3  the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). The Ninth

4  Circuit has held that injunctive relief may issue, even if the moving party cannot show a

5  likelihood of success on the merits, if "serious questions going to the merits and a balance of

6  hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction,

7  so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the

8  injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127,

9  1135 (9th Cir. 2011) (internal quotation omitted). Under either formulation of the principles,

10 preliminary injunctive relief should be denied if the probability of success on the merits is low.

11 See Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995)

12 ("'[E]ven if the balance of hardships tips decidedly in favor of the moving party, it must be

13 shown as an irreducible minimum that there is a fair chance of success on the merits.'" (quoting

14 Martin v. Int'l Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984))) .

15       D.    The Court Lacks Jurisdiction

16       A district court has no authority to grant relief in the form of a temporary restraining order

17 or permanent injunction where it has no jurisdiction over the parties. See Ruhrgas AG v.

18 Marathon Oil Co., 526 U.S. 574, 584 (1999) ("Personal jurisdiction, too, is an essential element

19 of the jurisdiction of a district . . . court, without which the court is powerless to proceed to an

20 adjudication.") (citation and internal quotation omitted); Paccar Int'l, Inc. v. Commercial Bank of

21 Kuwait, S.A.K., 757 F.2d 1058 (9th Cir. 1985) (vacating district court's order granting

22 preliminary injunction for lack of personal jurisdiction).

23       With the exception of defendant Sagireddy, none of the individuals identified by plaintiff

24 in any of his filings have been served or appeared in this action. Additionally, though Warden

25 Duffy and Nurse Wright have been named in the first amended complaint (ECF No. 39), the first

26 amended complaint was filed outside the time for amending as a matter of course, and the court

27 has yet to grant plaintiff leave to amend. See Fed. R. Civ. P. 15(a). Even if the court ultimately

28 grants plaintiff leave to amend, the first amended complaint must still be screened pursuant to 28

U.S.C. § 1915A(a).  The court does not yet have before it an actual case or controversy with respect to Duffy and Wright and therefore lacks jurisdiction over them.  Finally, none of the remaining individuals identified by plaintiff in his requests[2] are named as defendants in either the original complaint (ECF No. 1) or the first amended complaint (ECF No. 39), and plaintiff provides no specific facts to show that they were acting "in active concert or participation" with defendants.  See Fed. R. Civ. P. 65(d)(2)(C); Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969).  "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."  Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

With the exception of defendant Sagireddy, none of the individuals identified in the requests are within the court's jurisdiction, and so the court cannot issue a temporary restraining order or preliminary injunction against them.

   E. Plaintiff's Requests are Defective

Federal Rule 65(b)(1) permits issuance of a temporary restraining order without notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Plaintiff has not provided the certification required by this rule, and as already addressed, the majority of individuals identified by plaintiff are not defendants to this action and there is no indication they have been served with his requests.  Moreover, though plaintiff has signed his documents under penalty of perjury, he has not alleged any specific facts to demonstrate the risk of immediate and irreparable injury.  Instead, he summarily concludes, without offering any evidence, that he is being targeted by corrections employees who are attempting to bar his access

---

[2] Librarian Harrison; hemodialysis technicians Lambert, Irene, and Tina; Nurses Eugene and Julian; Correctional Officer Tutwiller; and inmate Miller. ECF Nos. 35, 47, 48, 49.

to the courts and cause him bodily harm.

With respect to the claims that his access to the courts is being obstructed, plaintiff's numerous filings indicate that, despite his allegations, he is able to contact the court on a regular basis to express his concerns and seek intervention in his custodial circumstances. His claim that he is being denied legal copies is based on his refusal to enter the library to obtain them because he believes he will be assaulted, not because he is actually being denied copies.

As for plaintiff's claims against medical staff, he alleges only a single incident that occurred six months ago during which he received an inappropriate potassium bath. However, even if plaintiff alleged multiple incidents or a continuing problem, there is nothing to establish that he is qualified to offer an opinion on the suitability of the concentration ordered. While he expresses disagreement with the treatment and a belief that it was harmful, he has not produced any evidence that this is an ongoing issue or that he will suffer irreparable injury in the absence of an injunction. As for the saline infusions, plaintiff does not allege any actual injury or adverse effects, potential or otherwise, and instead argues that the infusion was forced on him even though he declined it. Plaintiff's allegations are largely based on speculation, both as to the motivations for and consequences of the actions of identified individuals, which is insufficient to demonstrate a risk of immediate and irreparable injury. Caribbean Marine Services Co., Inc. v. Baldrige, 844 F.2d 668, 647 (9th Cir. 1988) ("Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction.") (quoting Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984)). Without evidence that the healthcare providers' actions are medically inappropriate, plaintiff's allegations currently amount to no more than a difference of opinion as to his proper treatment, which does not state a cognizable claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004).

If construed as a request for preliminary injunctive relief under Rule 65(a), plaintiff's requests are equally defective. As noted, plaintiff's allegations are unsupported by competent evidence and relief is sought mainly against individuals over whom the court has no jurisdiction, and who—as far as the court can determine—have had no notice of the request. To the extent

defendant Sagireddy has received notice of the request, as set forth above, the request fails to address the factors governing injunctive relief and has not established that there is a significant threat of irreparable injury.  See Oakland Tribune, Inc. v. Chronicle Publ'g Co., Inc., 762 F.2d 1374, 1376 (9th Cir. 1985).

Because the court lacks jurisdiction over all identified individuals except defendant Sagireddy, and because plaintiff has failed to establish a significant threat of irreparable injury, his requests for a temporary restraining order or preliminary injunction should be denied.

VI.     Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's requests for the court to order an investigation (ECF Nos. 20, 27) into his allegations are denied.

2. Plaintiff's request for subpoena forms (ECF No. 30) is granted.  The Clerk of the Court is directed to provide plaintiff a signed but otherwise blank subpoena duces tecum form with this order.  See Fed.R.Civ.P. 45(a)(3).

3. Plaintiff's request for the status of his amended complaint and opposition to the defendants' motion to dismiss (ECF No. 34) is granted to the extent that the court advises that both documents have been received and will be addressed in due course.

4. Plaintiff's motion for recusal (ECF No. 42) is denied.

IT IS FURTHER RECOMMNEDED that plaintiff's documents (ECF Nos. 20, 27, 28, 35, 36, 44, 47, 48, 49), construed as motions for a temporary restraining order or preliminary injunction, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The

////

1 parties are advised that failure to file objections within the specified time may waive the right to
2 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3 DATED: April 10, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE