1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DEXTER BROWN,                              No.  2:14-cv-0338 JAM AC P

12                  Plaintiff,

13        v.                                    ORDER

14   PURUSHOTTAMA SAGIREDDY, et al.,

15                  Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

18   U.S.C. § 1983.  Currently pending before the court are defendants' motions to dismiss (ECF Nos.

19   24, 25) and plaintiff's motions for preliminary injunction (ECF No. 51), to conduct discovery

20   (ECF No. 52), to recuse (ECF No. 62), and for extension of time to reply in support of his motion

21   for preliminary injunction (ECF No. 64).  Also before the court is plaintiff's first amended

22   complaint.  ECF No. 39.

23        I.        Motion to Recuse

24          Plaintiff has filed another motion to recuse the undersigned magistrate judge from this

25   action and requests that the District Judge rule on the motion because of the undersigned's denial

26   of his previous motion.  ECF No. 62.  Plaintiff's motion is considered pursuant to the standards

27   set forth in 28 U.S.C. §§ 144 and 455.

28          As an initial matter, plaintiff's motion is properly before the undersigned.  The Ninth

1

1  Circuit has "held repeatedly that the challenged judge h[er]self should rule on the legal

2  sufficiency of a recusal motion in the first instance." U.S. v. Studley, 783 F.2d 934, 940 (9th Cir.

3  1986) (citing U.S. v. Azhocar, 581 F.2d 735, 738 (9th Cir. 1978) (collecting cases)).

4       "Whenever a party to any proceeding in a district court makes and files a timely and

5  sufficient affidavit that the judge before whom the matter is pending has a personal bias or

6  prejudice either against him or in favor of any adverse party, such judge shall proceed no further

7  therein."  28 U.S.C. § 144.  "Any justice, judge, or magistrate judge of the United States shall

8  disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

9  28 U.S.C. § 455(a).  Under both recusal statutes, the substantive standard is "whether a

10  reasonable person with knowledge of all the facts would conclude that the judge's impartiality

11  might reasonably be questioned." Studley, 783 F.2d at 939 (quoting Mayes v. Leipziger, 729

12  F.2d 605, 607 (9th Cir. 1984) (citations omitted)).

13       Plaintiff alleges, once again, that the first amended complaint contains allegations against

14  the undersigned.  ECF No. 62 at 3.  He also argues that the undersigned should be removed

15  because she is deliberately obstructing his prosecution of the instant case and plaintiff has filed a

16  complaint of judicial misconduct and a civil rights complaint against her. Id. at 2.  The court

17  previously reviewed plaintiff's first amended complaint, including the portions specifically

18  indicated by plaintiff as containing allegations against the undersigned.  The court has once again

19  reviewed the first amended complaint and has again determined that the undersigned is not named

20  as a defendant and is unable to identify any allegations against her other than those contained in

21  the declaration appended to the proposed amended complaint.  ECF No. 39 at 29-30, ¶¶ 7-17.  In

22  the declaration, plaintiff alleges that the undersigned has failed to act on his requests for an

23  investigation into his allegations, leading him to believe that she is part of "a conspiracy to

24  obstruct justice." Id. at 30, ¶ 17.  As previously addressed, plaintiff's requests for an

25  investigation are outside the court's authority (ECF 50 at 2) and to the extent plaintiff seeks to

26  have the court forward documents for him, the court is not a forwarding service and plaintiff does

27  not require an order from this court to send documents directly to the agencies he seeks to have

28  investigate his allegations.

2

1    To the extent plaintiff's claims of bias and obstruction arise out of the undersigned's

2    rulings in this case, "judicial rulings alone almost never constitute a valid basis for a bias or

3    partiality motion." <u>Liteky v. U.S.</u>, 510 U.S. 540, 555 (1994).  Plaintiff's allegations that the

4    undersigned is deliberately delaying his prosecution of this case are entirely baseless and are

5    founded on nothing more than speculation and plaintiff's frustration at the pace of litigation.

6    "Section 455 does not require the judge to accept all allegations by the moving party as true.  If a

7    party could force recusal of a judge by factual allegations, the result would be a virtual 'open

8    season' for recusal." <u>United States v. Greenough</u>, 782 F.2d 1556, 1558 (11th Cir. 1986) (citing

9    <u>Phillips v. Joint Legislative Comm.</u>, 637 F.2d 1014 (5th Cir. 1981)).  "[A] judge, having been

10   assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous

11   speculation." <u>Id.</u>  While the court understands plaintiff's frustration at how long it can take to

12   resolve matters, he has been advised that the delays are not attributable to any malicious intent

13   toward him, but rather to the fact that the Eastern District of California maintains one of the

14   heaviest caseloads in the nation, a significant portion of which is comprised of pro se inmate

15   cases.  This sometimes causes unavoidable delays in the resolution of individual matters.

16   Finally, with respect to plaintiff's argument that the undersigned should recuse herself

17   because he has filed a judicial complaint and a civil complaint against her, these are not grounds

18   for recusal.  "A judge is not disqualified by a litigant's suit or threatened suit against him or by a

19   litigant's intemperate and scurrilous attacks." <u>Studley</u>, 783 F.2d at 940 (citations omitted).

20   Plaintiff's conclusory allegations, based on nothing more than speculation, fail to establish

21   a reasonable question as to the undersigned's impartiality or that a bias or prejudice exists.  The

22   request for recusal therefore will be denied.

23   II.    <u>Defendants' Motions to Dismiss</u>

24   Defendant Sagireddy and defendants Foronda and Naseer have filed motions to dismiss on

25   the grounds that plaintiff's complaint fails to state a claim and that plaintiff failed to exhaust his

26   administrative remedies prior to initiation of his lawsuit.  ECF Nos. 24, 25.  In his opposition,

27   plaintiff states that though he believed his complaint did state a claim, a first amended complaint

28   was being submitted to correct the defects argued by the defendants.  ECF No. 31 at 2, 4.

1  Plaintiff also argues that he is excused from exhausting administrative remedies because such

2  remedies were made unavailable to him.  Id. at 3.  Plaintiff eventually filed an amended complaint

3  with another copy of his opposition to the motions to dismiss.  ECF Nos. 39, 40.

4          Although the first amended complaint was filed outside the time for amendment as a

5  matter of course, Fed. R. Civ. P. 15(a), the court has reviewed the first amended complaint and

6  finds that it states claims for relief against the current defendants as well as several other

7  individuals.  ECF No. 39.  The court will therefore accept the first amended complaint and deny

8  the motions to dismiss as moot.  A separate order screening the first amended complaint will issue

9  in due course.

10          Defendant Sagireddy argues that plaintiff should not be permitted to amend because it

11  would be futile due to plaintiff's failure to exhaust administrative remedies.  ECF No. 33 at 5.

12  However, exhaustion is an affirmative defense and "inmates are not required to specially plead or

13  demonstrate exhaustion in their complaints."  Jones v. Bock, 549 U.S. 199, 216 (2007).  Although

14  plaintiff has indicated that he did not exhaust his administrative remedies, he alleges that they

15  were made unavailable to him.  ECF No. 31 at 3.  Because plaintiff was not required to and did

16  not plead facts related to exhaustion in his complaint, resolution of whether administrative

17  remedies were rendered unavailable will require consideration of facts outside the pleading and is

18  therefore inappropriate for disposition on a motion to dismiss.  If defendants choose to pursue this

19  defense after the first amended complaint is screened, they will need to file a motion for summary

20  judgment on the issue.

21      III.      Motion to Conduct Discovery

22          Plaintiff seeks leave to seek discovery prior to screening of the amended complaint or the

23  filing of an answer by defendants.  ECF No. 52.  Since the first amended complaint has yet to be

24  screened, the scope of discovery has not been established.  Additionally, there is the possibility

25  that plaintiff's claims may ultimately be barred due to failure to exhaust.  Therefore, the court

26  does not find any reason to permit discovery prior to screening of the complaint or the filing of an

27  answer by defendants.  Plaintiff's motion will be denied.

28  /////

4

IV.    Motion for Extension of Time

        Plaintiff seeks additional time to file a reply in support of his motion for preliminary injunction.  ECF No. 64.  His reply has since been filed.  ECF No. 66.  The court will therefore grant plaintiff's motion and the reply is deemed timely filed.  The motion for preliminary injunction will be ruled on in due course.

        Accordingly IT IS HEREBY ORDERED that:

        1. Plaintiff's motion to recuse (ECF No. 62) is denied.

        2. The First Amended Complaint (ECF No. 39) is submitted for screening, and defendants' motions to dismiss (ECF Nos. 24, 25) are denied as moot.

        3. Plaintiff's motion to conduct discovery (ECF No. 52) is denied.

        4. Plaintiff's motion for extension of time (ECF No. 64) is granted and his reply in support of his motion for preliminary injunction (ECF No. 66) is deemed timely.

DATED: September 23, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

5