1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DEXTER BROWN,                              No.  2:14-cv-0338 JAM AC P

12                  Plaintiff,

13        v.                                     ORDER

14   PURUSHOTTAMA SAGIREDDY, et al.,

15                  Defendants.

16

17        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief

18   under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to

19   28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20        On July 1, 2016, the magistrate judge filed findings and recommendations which

21   recommended that the claims against defendant Sagireddy be dismissed without prejudice for

22   failure to prosecute.  ECF No. 75.  The findings and recommendations were served on plaintiff

23   and contained notice to plaintiff that any objections to the findings and recommendations were to

24   be filed within fourteen days.  Id.  On July 19, 2016,[1] plaintiff filed a motion for reconsideration

25   of "all previous findings, recommendations, and orders made in this case after April 1, 2016."

26   ECF No. 76 at 2.

27   _____

28   [1]  Since plaintiff is a prisoner proceeding pro se, he is afforded the benefit of the prison mailbox
     rule.  See Houston v. Lack, 487 U.S. 266, 276 (1988).

                                             1

Plaintiff attaches as an exhibit to his motion another motion for reconsideration dated June 27, 2016. Id. at 17-19. That motion seeks reconsideration of "the court's order granting defendant[] Purushottama Sagireddy's motion to dismiss for failure to state a claim." Id. at 18. Defendant Sagireddy's motion to dismiss has not been granted, nor has this court recommended that the motion be granted. Since the attached motion is dated prior to the court's recommendation that the claims against defendant Sagireddy be dismissed for failure to prosecute, it appears that plaintiff misinterpreted the court's May 23, 2016 order (ECF No. 73), which directed him to respond to defendant Sagireddy's motion to dismiss or face dismissal, as an order granting the motion to dismiss. Because plaintiff clearly opposes the claims against defendant Sagireddy being dismissed, the court will construe his motion for reconsideration as objections to the July 1, 2016 findings and recommendations. Moreover, because plaintiff has expressed a desire to continue to pursue his claims against defendant Sagireddy, the July 1, 2016 findings and recommendations will be vacated and plaintiff will be given thirty days to file an opposition to defendant Sagireddy's motion to dismiss.

Although the July 1, 2016 findings and recommendations will be vacated, the court will also address the apparent delay in plaintiff's filings. Plaintiff alleges that on two prior occasions he mailed the court motions and declarations. Id. at 2. The first motion requested additional time and the second challenged the dismissal of his claims against defendant Sagireddy. Id. He claims that the motions must have been removed from his legal mail after it was handed over to correctional staff. Id. at 3. Plaintiff states that his motion for extension of time was mailed on May 31, 2016, and attaches a copy of the motion and the mail log showing when it was mailed. Id. at 3, 4-8. The motion was not received in this case. However, identical motions were filed in Brown v. Miller (Miller), 2:15-cv-1687 GEB CMK, and Brown v. Naseer (Naseer), 2:14-cv-0225 WBS CKD, two other actions plaintiff is currently pursuing in this court. Brown, ECF No. 13; Naseer, ECF No. 62. The motions filed in those actions were labeled with only the case number of the action in which they were filed.

Additionally, while the motion plaintiff states was mailed on June 28, 2016, was not received in any of his currently pending cases in this court, a letter from plaintiff dated June 28,

2016, and addressed to Governor Brown, was filed by the Clerk of the Court in <u>Brown v. Brown</u> (<u>Brown II</u>), 2:15-cv-1787 JAM KJN, on June 30, 2016.  <u>Brown II</u>, ECF No. 8.  It appears that plaintiff did not label the letter with a case number and that the Clerk of the Court determined that it was meant to be filed in <u>Brown II</u>, likely due to the fact that the letter was addressed to the lead named defendant in that case.

The mail logs submitted by plaintiff indicate that he mailed a single envelope to the court on each day.  ECF No. 76 at 5, 16.  In light of the court's receipt of other documents purportedly mailed on those days, it appears that plaintiff forgot to include copies of the motions to be filed in this action, or possibly mixed up the contents of the envelopes he mailed on those days.  Going forward, plaintiff would be well-advised to double-check the contents of his envelopes prior to mailing them and to ensure that all documents are properly labeled with the case number in which he wants them filed.

Finally, plaintiff's motion seeks reconsideration of "all previous findings, recommendations, and orders made in this case after April 1, 2016."  ECF No. 76 at 2.  In addition to the order (ECF No. 73) and findings and recommendations (ECF No. 75) filed regarding the claims against defendant Sagireddy, the court also issued findings and recommendations that recommended the dismissal of defendants Wright, Li, Burck, and Chipendo because plaintiff failed to return completed service packets (ECF No. 72).  Those findings and recommendations were adopted in full and the claims against defendants Wright, Li, Burck, and Chipendo were dismissed on June 17, 2016.  ECF No. 74.  Neither plaintiff's motion for reconsideration nor any of the attached documents make any mention of the dismissal of these defendants.  If plaintiff seeks reconsideration of the order dismissing defendants Wright, Li, Burck, and Chipendo, he will need to file a motion that specifically addresses that order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration (ECF No. 76) is construed as objections to the July 1, 2016 findings and recommendations.

2. The July 1, 2016 findings and recommendations (ECF No. 75) are vacated.

////

3. Plaintiff shall have thirty days from service of this order to file a response to defendant Sagireddy's motion to dismiss.

4. If plaintiff seeks reconsideration of the order dismissing defendants Wright, Li, Burck, and Chipendo (ECF No. 74), he will need to file a motion specifically addressing that order.

DATED: August 16, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4