UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEXTER BROWN, | No. 2:14-cv-0338 JAM AC P |
| Plaintiff, | |
| v. | FINDINGS & RECOMMENDATIONS |
| PURUSHOTTAMA SAGIREDDY, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendant Sagireddy's motion to dismiss for failure to state a claim. ECF No. 70. Plaintiff opposes the motion. ECF No. 82.

I. Plaintiff's Allegations

At issue on the present motion are the two counts stated against defendant Sagireddy. ECF No. 39 at 5-6, 9-10. In Count I, plaintiff alleges that on approximately September 30, 2013, defendant reduced plaintiff's scheduled dialysis treatment by six hours per week. Id. at 5. Plaintiff alleges that this reduction was done without medical cause, without conducting the proper diagnostic testing and monitoring to ensure that the reduction was safe, and with knowledge that plaintiff was not receiving a potassium restricted diet. Id. at 5-6. Plaintiff further alleges that defendant knew of and disregarded the recommendation of a dermatologist that plaintiff receive five to six days of dialysis each week to mitigate the effects of Kyrle disease and

1

1    instead reduced plaintiff's weekly dialysis treatment from four days a week to three, causing

2    plaintiff to suffer from the effects of the disease. Id. at 6.

3        In Count III, plaintiff alleges that on October 10, 2014, defendant deliberately modified

4    his dialysis treatment without any valid medical reason and for the express purpose of harming

5    plaintiff. Id. at 9. Specifically, he alleges that defendant ordered the concentration of plaintiff's

6    dialysis solution reduced, knowing that it would induce cardiac arrest and death if treatment was

7    fully completed by other medical personnel. Id. at 9-10.

8    I.   Motion to Dismiss

9        A.   Legal Standard for Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)

10       In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a

11   complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it

12   must contain factual allegations sufficient to "raise a right to relief above the speculative level."

13   Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[T]he pleading must contain something

14   more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable

15   right of action." Id. (alteration in original) (quoting Charles Alan Wright & Arthur R. Miller,

16   Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). "[A] complaint must contain

17   sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

18   Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has

19   facial plausibility when the plaintiff pleads factual content that allows the court to draw the

20   reasonable inference that the defendant is liable for the misconduct alleged." Id.

21       In considering a motion to dismiss, the court must accept as true the allegations of the

22   complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Tr., 425 U.S. 738, 740 (1976), and construe

23   the pleading in the light most favorable to the party opposing the motion and resolve all doubts in

24   the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The court will "'presume

25   that general allegations embrace those specific facts that are necessary to support the claim.'"

26   Nat'l Org. for Women, Inc. v. Scheidler, 510 U.S. 249, 256 (1994) (quoting Lujan v. Defenders

27   of Wildlife, 504 U.S. 555, 561 (1992)). While pro se pleadings are held to a less stringent

28   standard than those drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam),

the court need not accept legal conclusions "cast in the form of factual allegations," W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981) (citations omitted).

      B.      Deliberate Indifference

To maintain an Eighth Amendment claim based on inadequate medical treatment, plaintiff must show "'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Id. (some internal quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

Indications that a prisoner has a serious medical need for treatment include the "'existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (quoting McGuckin, 974 F.2d at 1059-60).

Deliberate indifference is a very strict standard. It is more than "mere negligence." Farmer v. Brennan, 511 U.S. 825, 835, (1994). Even civil recklessness—failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known—is insufficient to establish an Eighth Amendment claim. Id. at 836-37. A prison official will be found liable under the Eighth Amendment when the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. A plaintiff can establish deliberate indifference "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (McGuckin, 974 F.2d at 1060).

Deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988) (citing

1   Estelle, 429 U.S. at 104-05).  A difference of opinion between an inmate and prison medical

2   personnel—or between medical professionals—regarding the appropriate course of treatment

3   does not amount to deliberate indifference to serious medical needs.  Toguchi v. Chung, 391 F.3d

4   1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  To establish a

5   difference of opinion rises to the level of deliberate indifference, plaintiff "must show that the

6   course of treatment the doctors chose was medically unacceptable under the circumstances."

7   Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (citation omitted).

8       C.    Discussion

9       Defendant contends the allegations set forth in Counts I and III should be dismissed

10  because they are insufficient to establish a claim of deliberate indifference and because plaintiff

11  alleges no more than a mere difference of opinion regarding his treatment.  ECF No. 70 at 3-4, 7-

12  8.  In opposition, plaintiff correctly points out that this court has already thoroughly screened his

13  underlying complaint using the standards governing motions brought under Federal Rule of Civil

14  Procedure 12(b)(6), and found that Counts I and III contain sufficient allegations to state valid

15  claims at the pleading stage.  ECF No. 82 at 2.  As discussed below, the undersigned reaffirms the

16  previous determination that plaintiff's allegations state a claim, and accordingly recommends that

17  the instant motion be denied.

18      As an initial matter, defendant does not contend that plaintiff has failed to sufficiently

19  plead he suffered from a serious medical need.  Plaintiff alleges that he suffered from renal failure

20  and Kyrle disease, and further asserts that a dermatologist recommended he receive regular

21  dialysis treatment for his Kyrle disease.  ECF No. 39 at 5-6.  At the pleading stage, these

22  allegations, accepted as true, establish a serious medical need for Eighth Amendment purposes.

23          1.    Count I

24      With respect to Count I, defendant argues that plaintiff's allegations are conclusory in that

25  plaintiff alleges no specific facts to show that the order to reduce dialysis was issued to induce

26  hyperkalemia, did not offer any facts to establish he suffered abnormal potassium levels as a

27  result of the reduced dialysis treatment, and did not allege any facts to establish he actually

28  suffered an injury.  ECF No. 70 at 3-4.  However, defendant overlooks some of the facts alleged

by plaintiff and the principle that "[f]actual allegations in the complaint are taken as true and all reasonable inferences are drawn in the plaintiff's favor." Barret v. Belleque, 544 F.3d 1060, 1061 (9th Cir. 2008) (citing Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007)).

In reviewing the claims alleged in Count I, the court can infer that, as a nephrologist, defendant would have been aware of the consequences of reducing plaintiff's treatment and of the need for proper diagnostic testing. The complaint alleges that Sagireddy knew of plaintiff's renal disease because he administered plaintiff's treatment. He also knew of plaintiff's Kyrle disease based on a dermatologist's treatment recommendations.[1] Furthermore, the complaint alleges defendant did not conduct diagnostic testing to assess plaintiff's condition before reducing treatment even though such testing was required to determine whether a reduction in treatment was warranted and safe. For present purposes, defendant's alleged actions support an inference that, at a minimum, he knew and disregarded the risks that plaintiff would suffer as a result of his medical treatment decisions. Defendant's contentions regarding the exercise of his medical judgment and intent are disputes of fact that cannot be properly raised in a 12(b)(6) motion to dismiss and are, in any event, unsupported by evidence.

The court is equally unpersuaded by defendant's argument that plaintiff failed to show Sagireddy acted to induce hyperkalemia. To prove a claim of deliberate indifference, plaintiff needs to show that defendant knew of and disregarded an excessive risk to the inmate's health and safety. Farmer, 511 U.S. at 835. Plaintiff does not need to show that defendant acted in an attempt or with intent to cause plaintiff harm, although such intent would certainly constitute deliberate indifference, and the allegations here are more than sufficient to support a claim that

////

---

[1] Defendant argues that the dermatologist's recommendation for longer treatment to address a separate condition is no more than a difference of opinion and is not relevant to defendant's decision because the recommendation was made approximately a year before the treatment at issue. ECF No. 70 at 8. While this may ultimately prove to be the case, the dermatologist's recommendation may also support a finding that defendant's treatment was medically unacceptable under the circumstances because plaintiff had a known diagnosis for which treatment had been recommended and from which defendant deviated. At this stage, the court must construe the facts in plaintiff's favor.

1 defendant Sagireddy disregarded a substantial risk of harm when he reduced plaintiff's dialysis
2 treatment.

3 　　　　Also with respect to Court I, defendant argues that plaintiff has failed to support his
4 claims of injury with lab results or other facts. ECF No. 70 at 3; ECF No. 83 at 4. Count I
5 alleges that defendant's order to reduce the amount of dialysis treatment resulted in potassium
6 toxicity, elevated levels of phosphorous and calcium in his blood, and frequent chest pain. ECF
7 No. 39 at 5. The court can infer that as an individual receiving dialysis treatment, plaintiff is
8 familiar with the symptoms of hyperkalemia[2] and he is not required to support his allegations
9 with evidence such as lab results at the pleading stage. Moreover, even if this court agreed with
10 defendant's contention that plaintiff did not allege sufficient facts to support his claims of
11 hyperkalemia and elevated phosphorus and calcium levels, plaintiff has alleged that he suffered
12 frequent chest pain as a result of defendant Sagireddy's actions. Allegations of pain alone may be
13 sufficient to constitute an injury in the deliberate indifference context. See, e.g., Hunt v. Dental
14 Dept., 865 F.2d 198, 200 (9th Cir. 1988). Liberally construed, plaintiff's allegations are sufficient
15 to show he suffered harm as a result of defendant's orders to reduce dialysis treatment.
16 Therefore, plaintiff's allegations in Count I state a viable claim under the Eighth Amendment.

17 　　　　　　　2.　　　Count III

18 　　　　Defendant argues that plaintiff offers no facts in Count III to show that Sagireddy's order
19 to change the potassium solution was contrary to plaintiff's health needs. ECF No. 70 at 8. He
20 further argues plaintiff did not allege facts to show plaintiff suffered abnormal potassium levels as
21 a result of Sagireddy's order. Id.

22 　　　　The allegations of the complaint are sufficient to show that defendant knew of and
23 disregarded the risk created by changing the potassium solution used to treat plaintiff. The
24 complaint alleges that defendant acted specifically to induce cardiac arrest. ECF No. 39 at 9-10.
25 If true, this shows more than the conscious disregard for plaintiff's needs necessary to establish a
26 claim of deliberate indifference. Even if the complaint were insufficient to support a claim that

---

[2] This inference is bolstered by plaintiff's claim in his opposition that he has been treated for hyperkalemia on a number of occasions. ECF No. 82 at 3.

1  defendant acted with specific intent to harm plaintiff as alleged, it provides sufficient facts for the
2  court to infer that defendant knew the consequences of his actions when he changed potassium
3  solutions and that plaintiff would be at risk.  Plaintiff contends that reducing the concentration of
4  a dialysis solution results in depleted potassium levels and that a risk of cardiac arrest is created
5  when potassium levels are too low.  Defendant essentially asks the court to determine that either
6  or both of these factual allegations are untrue or, alternatively, that even if they are true, there was
7  no intention to deplete plaintiff's potassium levels to a dangerous level.  However, defendant has
8  not even attempted to point the court to any source that would both contradict plaintiff's claim
9  and be properly subject to judicial notice.  Disputes of fact as to the appropriateness of
10 defendant's treatment decisions and his intent are not properly raised in a Rule 12(b)(6) motion to
11 dismiss.  For purposes of this Rule 12(b)(6) motion, plaintiff's allegations are sufficient to
12 establish a claim of deliberate indifference.
13     With respect to plaintiff's injury, Count III also contains allegations that plaintiff suffered
14 cramps, heart palpitations, and muscle weakness as a result of defendant's act of changing the
15 potassium solution used to treat plaintiff.  ECF No. 39 at 9.  Taken as true, these allegations are
16 sufficient to show that plaintiff suffered serious harm as a result of the changed potassium
17 solution used to treat him.  The allegations are sufficient to state a valid claim for Eighth
18 Amendment purposes.
19     Finally, defendant contends the disagreement with his actions to reduce plaintiff's
20 scheduled dialysis treatment and to reduce the plaintiff's potassium solution amount to no more
21 than a difference of opinion regarding appropriate medical care.  ECF No. 70 at 4, 7-8; ECF No.
22 83 at 4.  The undersigned rejects this argument.
23     Defendant relies heavily on Toguchi to argue that plaintiff's allegations amount to a mere
24 difference of opinion requiring dismissal.  However, Toguchi affirmed a grant of summary
25 judgment against the plaintiff because the plaintiff did not present *evidence* to show that his
26 allegations demonstrated more than a difference of opinion.  391 F.3d at 1058-60.  The legal
27 standard to survive a motion for summary judgment is not the same as the standard applied to a
28 motion to dismiss, see Fed. R. Civ. P. 56(a); In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th

7

Cir. 2010) (discussing standards governing motions for summary judgment), and defendant cannot at the present stage of proceedings hold plaintiff to the higher legal standard governing summary judgement motions.

Defendant argues that plaintiff's allegations are not supported by "factual data" and are thus conclusory claims showing a mere difference of opinion, and that plaintiff is unqualified to offer a medical opinion to support his allegations. ECF No. at 3-4, 7-8. Defendant is in error. For present purposes, plaintiff does not need to prove his factual allegations or conclusively show that defendant's actions were medically unacceptable. Plaintiff must only make sufficient *allegations*, accepted as true, that state a plausible Eighth Amendment violation. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570); Haines, 404 U.S. at 520-21 (a pro se complaint should only be dismissed for failure to state a claim if "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The allegations of the complaint, coupled with all permissible and reasonable inferences, state enough facts for the court to find that plaintiff has stated valid Eighth Amendment claims.

To the extent defendant argues his actions reflect sound medical judgement in support of the present motion, this factual assertion is not properly before the court. ECF No. 70 at 7. This assertion may ultimately be proved to be true, but it requires supporting evidence from defendant. Plaintiff specifically alleges defendant's actions were made for malicious, non-medical reasons. ECF No. 39 at 5-6, 9-10. These are disputes of fact that cannot be adjudicated on a Rule 12(b)(6) motion to dismiss.

Therefore, defendant's motion to dismiss plaintiff's Eighth Amendment claims found in Counts I and III should be denied.

II.     Conclusion

At the pleading stage, the court must take as true the allegations in the complaint and construe the pleading in plaintiff's favor. Therefore, for the reasons set forth above, plaintiff has adequately alleged an Eighth Amendment violation and the motion to dismiss Counts I and III should be denied.

IT IS HEREBY RECOMMENDED that:

1. Defendant Sagireddy's motion to dismiss the claims in Count I and III (ECF No. 70) be DENIED.

2. If these findings and recommendations are adopted by the District Judge, defendant Sagireddy be directed to file an answer to Counts I and III of the amended complaint within thirty days of the order adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **ten days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within **seven days** after service of the objections.  **Due to exigencies in the court's calendar, no extensions of time will be granted.**[3]  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 2. 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff is informed that in order to obtain the district judge's independent review and preserve issues for appeal, he need only identify the findings and recommendations to which he objects. There is no need to reproduce his arguments on the issues.